# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FENDER MUSICAL INSTRUMENTS CORPORATION | |
| Plaintiff, | Civil Action No. 3:13-01075 |
| v. | DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT |
| KELTON SWADE, et al. | |
| | JURY DEMAND |
| Defendants. | |

As and for their Answer to the First Amended Complaint of Fender Musical Instruments Corporation (Fender), defendants deny, admit and allege as follows:

    1. Defendants admit the allegations of paragraph 1.

    2. Defendants deny that Kelton Swade and his business and LLC promote or sell merchandise through websites. Defendants offer handcrafted guitars for sale solely through KeltonSwade.com and https://www.facebook.com/keltonswade. Defendants admit that Kelton Swade sells and offers his handmade guitars for sale, and deny the balance of the allegations.

    3. Defendants deny paragraph 3 in its entirety.

    4. Defendants admit paragraph 4.

    5. Defendants admit that this Court has jurisdiction over them, and deny the balance of the allegations in paragraph 5.

    6. Defendants admit that this District is the proper venue for the action, and deny the balance of the allegations of paragraph 6.

    7. Defendants admit paragraph 7.

8. Defendants admit that Kelton Swade is of the age of majority and a resident of Tennessee, and that his address is correctly recited, and deny the balance of the allegations of paragraph 8.

9. Defendants admit that Kelton Swade LLC is a Tennessee LLC, owned and operated by Kelton Swade, who resides at the stated address, and deny the balance of the allegations of paragraph 9.

10. Defendants admit that Leo Fender founded Fender in Fullerton, and that many musicians have played Fender instruments, and deny the balance of the allegations of paragraph 10.

11. Defendants deny paragraph 11, both on the general grounds that the history of Fender guitars is a matter as to which much dispute exists, and on the specific grounds that the Telecaster() mark was not submitted for registration until December 11, 1968, and not registered until June 24, 1969.

12. Defendants deny paragraph 12, both on the general grounds that the history of Fender guitars and the prices for which they have been traded, are disputed matters, and on the specific grounds that the Stratocaster® mark was not submitted for registration until April 28, 1967, and not registered until December 5, 1967.

13. Defendants deny the entirety of paragraph 13.

14. Defendants admit that some of the artists listed in paragraph 14 may have played Fender guitars and deny the balance of the allegations. Defendants allege
    that some of the artists listed in paragraph 14 also play Kelton Swade guitars.

15. Defendants deny that Fender's use of trademarks has been "long," in comparison with the years since it began manufacturing. Defendants allege that when Fender registered the word marks Telecaster® and Stratocaster®, the guitar body designs had already become generic, although not yet adjudicated. Defendants deny that Defendants deny that Fender has any unregistered common-law trade dress rights for use in connection with electric guitars.

16. Defendants deny paragraph 16 in its entirety.

17. Defendants admit that Fender has registrations with the USPTO, and deny the balance of the allegations.

18. Defendants admit that the provisions of 15 USC Sec. 1065 provide for designation of marks as incontestable, and that the records of the USPTO record

affidavits of continued use, and deny the balance of the allegations.

19. Defendants deny that Fender has common-law trademarks and/or trade dress protection that limits Kelton Swade's right to practice his trade.

20. Defendants deny that Fender Marks can provide protection to unprotectable intellectual property such as generic guitar bodies, or that Fender Marks can serve as a source indicator of guitars having a generic appearance.

21. Defendants admit that Fender spends money on advertising in many forms of media, and deny the balance of the allegations.

22. Defendants deny that the Fender Marks can serve as a source indicator for Generic-Appearing Guitars ("GAGs"), and deny the allegations of paragraph 22.

Defendants allege that, by representing, on the Internet and in other media, that Fender licensees offer Fender-licensed bodies when in fact Fender holds no

trademark rights in guitar bodies, plaintiff is making misrepresentations to consumers.

22. Defendants deny the entirety of paragraph 23.

24. Defendants deny that they are making colorable imitations of Fender electric guitars. Defendants are making GAGs. Defendants deny that Fender has any rights to control the appearance of GAGs, and further deny that there are any protectable features to the guitar bodies used to manufacture Relic® guitars.

25. Defendants deny the entirety of paragraph 25.

26. Defendants admit that there are videos on keltonswade.com, and deny the balance of the allegations. Defendants allege that use of the terms T-caster, S-caster, Tele, and Strat to describe GAGs is fair use or otherwise lawful.

27. Defendants deny the allegations of paragraph 27 in their entirety.

28. Defendants deny the allegations of paragraph 28 in their entirety. Defendants allege that their reference to any Fender marks is fair use and otherwise lawful.

29. Defendants admit that Kelton Swade has posted videos on his YouTube channel, and deny the balance of the allegations of paragraph 29.

30. Defendants admit that Kelton Swade sold a guitar in 2011 to someone who told Kelton Swade an untrue story about how the buyer's father was terminally ill, and as a loving son, wanted to provide a last gift for his father. Defendants deny that the text of the buyer's email is accurate. Defendants deny all other allegations of paragraph 30.

31. Defendants lack sufficient knowledge to admit or deny and thereon deny the allegations of paragraph 31 in their entirety.

32. Defendants lack knowledge of the true provenance of the two guitars it acquired from third parties, and thereon deny the allegations of paragraph 32.

33. Defendants admit the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34 in their entirety. Defendants allege that if Kelton Swade has used necks that were produced by unlicensed manufacturers, that was due to the misrepresentations of the suppliers, and it was at all times Kelton Swade's intention to use licensed Fender necks.

35. Defendants deny the allegations of paragraph 35 in their entirety.

36. Defendants deny the allegations of paragraph 36 in their entirety.

37. Defendants deny the allegations of paragraph 37 in their entirety.

38. Defendants deny the allegations of paragraph 38 in their entirety. Defendants allege that the true wording of the hang-tag that is used by one of Fender's licensee's is attached as Exhibit 3. Defendants allege that they are not in privity with Fender, and thus

-4-

"the explicit limitations under which such necks are sold for use only in connection with genuine Fender products" impose no legal constraints on their use of licensed Fender necks. Defendants allege that the manufacture of "Partscasters" by Fender licensees combine licensed Fender necks with generic bodies to produce GAGs. Defendants allege that manufacturing GAGs is a common guitar-manufacturing strategy that Fender has approved, and which defendants are legally allowed to pursue in their own manufacture of original guitars.

39. Defendants deny the allegations in their entirety. Defendants allege that they are not in privity with Fender, and deny any liability can arise against them from "the explicit limitations under which [Fender-licensed] necks are sold." Defendants allege that the manufacture of "Partscasters" by plaintiff's licensees combine Fender-licensed necks with generic bodies to produce GAGs.

40. Defendants deny the entirety of paragraph 40. Defendants allege that the terms "Stratocaster" and "Telecaster" have are generic in the mind of the consuming public, and do not serve as an indicator of source of origin.

41. Defendants deny paragraph 41 in its entirety.

42. Defendants admit that Fender's Associate General Counsel ("AGC") sent him the letter attached as Exhibit G to the First Amended Complaint, and deny the balance of the allegations.

43. Defendants admit that he sent a letter replying to the letter from Fender's AGC, and deny the balance of the allegations.

44. Defendants admit that he has made changes to the keltonswade.com website, and that he has posted about plaintiff's legal threats on his Facebook page, and deny the balance of the allegations in paragraph 44.

45. Defendant lack knowledge of plaintiff's allegations concerning its own conduct, and therefore deny the allegations of paragraph 45.

-5-

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny admit that his guitars are not manufactured by plaintiff. Defendants alleges that the necks of the guitars he manufactures are made by Fender licensees. Defendants deny that the guitars Kelton Swade creates are sold in overlapping channels of trade.

48. Defendants deny the entirety of paragraph 48.

49. Defendants deny the entirety of paragraph 49.

50. Defendants deny the entirety of paragraph 50.

51. Defendants deny the entirety of paragraph 51.

52. Defendants deny the entirety of paragraph 52.

53. Defendants deny the entirety of paragraph 53.

54. Defendants admit that he is the manager and owner of Kelton Swade LLC, and deny the balance of the allegations of paragraph 54.

55. Defendants repeat and reallege each of their denials and allegations of respecting paragraphs 1 – 54, as if set forth fully hereat.

56. Defendants deny the entirety of paragraph 56.

57. Defendants deny the entirety of paragraph 57.

58. Defendants deny the entirety of paragraph 58.

59. Defendants deny the entirety of paragraph 59.

60. Defendants deny the entirety of paragraph 60.

61. Defendants repeat and reallege each of their denials and allegations of respecting paragraphs 1 – 60, as if set forth fully hereat.

62. Defendants deny the entirety of paragraph 62.

63. Defendants deny the entirety of paragraph 63.

64. Defendants deny the entirety of paragraph 64.

65. Defendants deny the entirety of paragraph 65.

66. Defendants deny the entirety of paragraph 66.

67. Defendants deny the entirety of paragraph 67.

68. Defendants deny the entirety of paragraph 68.

69. Defendants deny the entirety of paragraph 69.

70. Defendants repeat and reallege each of their denials and allegations of respecting paragraphs 1 – 69, as if set forth fully hereat.

71. Defendants deny the entirety of paragraph 71.

72. Defendants deny the entirety of paragraph 72.

73. Defendants deny the entirety of paragraph 74.

75. Defendants repeat and reallege each of their denials and allegations of respecting paragraphs 1 – 74, as if set forth fully hereat.

76. Defendants deny the entirety of paragraph 76.

77. Defendants deny the entirety of paragraph 77.

78. Defendants deny the entirety of paragraph 78.

79. Defendants deny the entirety of paragraph 79.

80. Defendants deny the entirety of paragraph 80.

81. Defendants deny the entirety of paragraph 81.

82. Defendants deny the entirety of paragraph 82.

83. Defendants repeat and reallege each of their denials and allegations of respecting paragraphs 1 – 82, as if set forth fully hereat.

83. Defendants deny the entirety of paragraph 83.

84. Defendants deny the entirety of paragraph 84.

85. Defendants deny the entirety of paragraph 85.

86. Defendants deny the entirety of paragraph 86.

87. Defendants deny the entirety of paragraph 87.

88. Defendants deny the entirety of paragraph 88.

89. Defendants deny the entirety of paragraph 89.

90. Defendants deny the entirety of paragraph 90.

91. Defendants repeat and reallege each of their denials and allegations of respecting paragraphs 1 – 90, as if set forth fully hereat.

92. . Defendants deny the entirety of paragraph 92.

93. Defendants deny the entirety of paragraph 93.

94. Defendants deny the entirety of paragraph 94.

95. Defendants deny the entirety of paragraph 95.

96. Defendants repeat and reallege each of their denials and allegations of respecting paragraphs 1 – 95, as if set forth fully hereat.

97. Defendants deny the entirety of paragraph 97.

98. Defendants deny the entirety of paragraph 98.

## **AFFIRMATIVE ALLEGATIONS IN DEFENSE**

99. Fender's guitar body designs for submitted for registration in USPTO Application Serial Numbers. 76516126, 76516127 and 76515928 are generic, pursuant to the Trademark Trial and Appeal Board Decision in Stuart Spector Design, Ltd. v. Fender Musical Instruments Corporation, 2009 WL1017284 (Trademark Trial and Appeal Board) (4/25/2009), attached as Exhibit 1 hereto. The guitar body shape that Fender submitted for registration in Application Serial No. 76515928 was the shape it calls the Stratocaster, and the guitar body shape submitted for registration in Application Serial No. 76515928 was the shape Fender calls the Telecaster. Thus both the "Stratocaster" body shape and the "Telecaster" body shape are generic.

100. As screencaptured in Exhibit 2 hereto, Fender's own website announced in June 2013:

> "Are non-Fender necks and bodies compatible with Fender necks and bodies?
> Possibly, but we recommend that Fender replacement necks and bodies be used with Fender instruments. Although aftermarket necks and bodies may appear quite similar to real Fender necks and bodies, they are not authentic Fender products."

-8-

101. A true and accurate photocopy of an Allparts Music Corp. hang-tag for a Fender-licensed neck is attached as Exhibit 3 hereto.

102. A true and accurate photocopy of the license between Fender and Warmoth Guitar Products, Inc. is attached hereto as Exhibit 4. On information and belief, the terms of this market are identical to licenses that Fender has entered into with other licensees who offer Fender necks for sale.

## FIRST AFFIRMATIVE DEFENSE
### (Cancellation of Trademarks)

103. Plaintiff is barred from recovery because the Stratocaster® and Telecaster® trademark registrations, having lost the association with Fender as the source of origin, have become generic, and are subject to cancellation under 15 U.S.C. § 1119.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

104. The First Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

105. Fender is estopped from seeking the relief sought in this action, because by its own actions and statements, and by those of its licensees acting as authorized agents of Fender, from contending that it is infringing conduct to combine a Fender licensed neck with a generic body to create a GAG.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

106. Fender has delayed unduly in filing the claims herein, and is barred by laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

107. Fender's claims alleged herein are barred by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

108. Fender has unclean hands; wherefore it should be denied equitable relief.

## SEVENTH AFFIRMATIVE DEFENSE
### (Fair Use)

109. Defendants allege that any use they may have made of any intellectual property, including but not limited to trademarks, that may have belonged to Fender, was a fair use, barring Fender from recovery thereon.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

110. Any use Defendants made of any alleged trademark was protected by the First Amendment of the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE
### (Genericness)

111. As and for a separate and distinct defense to Fender's First Amended Complaint, and to each claim for relief contained therein, defendants allege that the claims are barred because the design and appearance of Kelton Swade guitars is simply that of a Generic-Appearing Guitar.

## TENTH AFFIRMATIVE DEFENSE
### (Innocent Infringer)

112. Defendants allege that, in the event they committed any infringement, it was innocent, and gives rise to no liability.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Injunctive Relief Sufficient)

113. Defendants allege that in the event they have committed any infringements as alleged in Fender's First Amended Complaint, that injunctive relief provides a sufficient remedy and no damages are warranted.

WHEREFORE, defendants pray that plaintiff take nothing by its complaint, that its request for injunctive relief be denied, that Fender's USPTO Registration Nos. 839,997 and 871,794 be cancelled, that attorney's fees be awarded to defendants for the defense of this exceptional case under 15 U.S.C. § 1117, and that the Court grant such other and further relief as it deems just.

DATED: April 2, 2014.              By: /s/Charles Carreon
                                   Charles Carreon, Attorney at Law
                                   2165 S. Avenida Planeta
                                   Tucson, Arizona 85710
                                   Tel: 520-841-0835
                                   Fax: 520-843-2083
                                   Email: chascarreon@gmail.com
                                   Attorney for Defendant Kelton Swade
                                   Admitted *pro hac vice*

## JURY DEMAND

Pursuant to F.R.Civ.P. 38(b), defendant demands a jury trial.

DATED: April 2, 2014.   By: /s/Charles Carreon
                         Charles Carreon, Attorney at Law
                         2165 S. Avenida Planeta
                         Tucson, Arizona 85710
                         Tel: 520-841-0835
                         Fax: 520-843-2083
                         Email: chascarreon@gmail.com
                         Attorney for Defendant Kelton Swade
                         Admitted *pro hac vice*