IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Fender Musical Instruments Corporation, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| Kelton Swade, individually, and d/b/a Kelton Swade Guitars, and Kelton Swade, LLC, | ) ) ) ) |
| Defendants. | ) ) ) |

No. 3:13-cv-01075

Judge Sharp/Brown

**FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT**

Plaintiff Fender Musical Instruments Corporation ("Plaintiff" or "Fender") and Defendants Kelton Swade, individually, and d/b/a Kelton Swade Guitars, and Kelton Swade, LLC ("Defendants" or "Swade") (collectively, the "Parties") have reached an agreement in settlement of the above-captioned dispute between them and have consented to the entry of this Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), based on the following stipulated findings of fact and conclusions of law, which the Court adopts for purposes of the entry of this Consent Judgment.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1.  Fender is a Delaware corporation with its principal place of business at 17600 N. Perimeter Drive, Suite 100, Scottsdale, Arizona 85255-5435. Fender manufactures guitars, basses, amplifiers, and related equipment.

2. Fender uses a variety of trademarks and trade dress (either standing alone or in combination with design elements) in connection with its guitars. More specifically, in addition to Fender's common-law rights, Fender has asserted in this case its ownership of, *inter alia*, the following trademark registrations issued by the United States Patent and Trademark Office ("USPTO"):

| Trademark | Reg. No. | Reg. Date | Goods | Date of First Use in Commerce |
|---|---|---|---|---|
| FENDER | 805,075 | 3/8/1966 | Musical Instruments, namely, electric Spanish guitars, electric basses, acoustic guitars, and components and accessories for guitars and the like, namely, cases, bags, strings, polish, picks, necks, heads, pickups, pickup covers, pickguards, bridge covers, tremolo handles, control knobs, and straps. | 1946 |
| *Fender* (logo) | 805,510 | 3/15/1966 | Musical Instruments, namely, electric Spanish guitars, electric basses, acoustic guitars, and components and accessories for guitars and the like, namely, cases, bags, strings, polish, picks, necks, heads, pickups, pickup covers, pickguards, bridge covers, tremolo handles, control knobs, and straps. | 1946 |
| STRATOCASTER | 839,997 | 12/5/1967 | Electric guitars | 1954 |
| TELECASTER | 871,794 | 6/24/1969 | Guitars | 1949 |
| STRAT | 1,058,385 | 2/8/1977 | Electric guitars | 4/16/1976 |
| TELE | 1,058,386 | 2/8/1977 | Electric guitars | 4/16/1976 |
| *Fender* (logo) | 1,256,824 | 11/8/1983 | Electric guitars and electric bass guitars | 1/1/1981 |
| RELIC | 2,011,032 | 10/22/1996 | Guitars | 3/7/1996 |

2

| Trademark | Reg. No. | Reg. Date | Goods | Date of First Use in Commerce |
|---|---|---|---|---|
| (headstock outline) | 1,148,869 | 3/24/1981 | Electric guitars | 1955 |
| (headstock outline) | 1,148,870 | 3/24/1981 | Electric guitars | 1951 |
| (headstock outline) | 2,163,733 | 6/9/1998 | Electric guitars and electric bass guitars, and necks for electric guitars and electric bass guitars | 1955 |

(The foregoing federally-registered trademarks and trade dress, and the common-law equivalents of such marks, are hereinafter referred to collectively as the "FENDER Marks").

3. Defendant Kelton Swade is an individual of the full age of majority and resides in and is a citizen of the State of Tennessee. Kelton Swade is a luthier and craftsman of electric guitars, and is the sole proprietor of Kelton Swade Guitars, a custom-order business with its principal place of business at 1135 Buckingham Circle, Franklin, Tennessee 37064.

4. Defendant Kelton Swade, LLC, is a Tennessee limited liability company with a principal place of business at 1135 Buckingham Circle, Franklin, Tennessee 37064. Defendant Kelton Swade is the only member of Kelton Swade, LLC.

3

5. Defendants promote and sell merchandise through websites and social media, including the website operating under the domain name keltonswade.com. Through these and other channels of distribution, Defendants produce, promote, sell, and offer for sale replica electric guitars, which they currently refer to as "Authentic Vintage Replica" or "AVR" guitars.

6. On February 28, 2013, Fender commenced Civil Action No. CV-13-00431-PHX-NVW in the United States District Court for the District of Arizona (the "Arizona Action") by filing a Complaint (the "Complaint") against Defendant. The Complaint alleged claims for trademark infringement, trademark counterfeiting and trademark dilution, unfair competition, false designation of origin and false or misleading representations of fact, injury to business reputation, and deceptive trade practices arising under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125; the Arizona injury to business reputation and antidilution statute, A.R.S. §§ 44-1448.01 *et seq.*; the Arizona Consumer Fraud Act, A.R.S. §§ 44-1521 *et seq.*; and Arizona common law.

7. On October 2, 2013, the court in the Arizona Action transferred venue to this Court. Fender subsequently filed and served an amended complaint (the "First Amended Complaint") to assert claims for trademark infringement, trademark counterfeiting and trademark dilution, unfair competition, false designation of origin and false or misleading representations of fact, injury to business reputation, and deceptive trade practices arising under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125; the Tennessee injury to business reputation and antidilution statute, Tenn. Code Ann. § 47-25-513; the Tennessee Consumer Protection Act, *id.* §§ 47-18-101 *et seq.*; and Tennessee common law.

8. This Court has subject matter jurisdiction over the federal claims alleged in the Complaint pursuant to Lanham Act Section 39, 15 U.S.C. §1121, and pursuant to 28 U.S.C.

4

Case 3:13-cv-01075   Document 94   Filed 11/12/14   Page 4 of 11 PageID #: 1261

§§ 1331, 1332 and 1338(a). As to the related state-law and common-law claims, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendants because Defendants are resident in and/or conduct substantial business activities in the State of Tennessee.

10. The Parties agree that venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants are residents of and/or do business in this judicial district, and because a substantial part of the events or omissions giving rise to the claims asserted in this caseoccurred in this judicial district.

## **PERMANENT INJUNCTION AND ORDER**

Based on the parties' stipulation and agreement hereto, it is **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Plaintiff is entitled to judgment on each of the causes of action asserted in its First Amended Complaint.

2. By no later than ninety (90) days after entry of this Consent Judgment, Defendants and any affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants and each of them:

    a. shall dispose of the inventory identified in Exhibit D of the Parties' Confidential Settlement Agreement pursuant to the terms of that agreement;

    b. shall completely cease all use whatsoever, directly or indirectly, of the FENDER Marks, or any confusingly similar imitations thereof, in

5

connection with Defendants' guitars or business, or other goods or services, including without limitation in connection with the sale, advertising or promotion of Defendants' goods or services;

c. shall completely cease using, directly or indirectly, any trademark, service mark, name, logo, design, source designation, or identifying characteristic of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to or likely to dilute the distinctiveness of, the trademarks, service marks, or logos, designs, source designations, or identifying characteristics of Fender, or is likely to cause confusion, dilution, mistake, deception, or public misunderstanding that Defendants' guitars or business, or other goods or services are the guitars, business, goods or services of Fender, or are sponsored, licensed, endorsed, approved by, affiliated with, or in any way related to Fender or its guitars;

d. except as provided for in paragraph 3 of this Consent Judgment, shell remove all references to or depictions of the FENDER Marks, or any confusingly similar imitations thereof, from any advertising or promotional materials used in connection with their business, including without limitation any website, social media or other online, electronic, print or brick-and-mortar presence, published or unpublished, whether existing in text, source code, photographic, videographic, audiographic, hyperlink or other form; By way of example and not limitation, such removal of references to the FENDER Marks may be accomplished by

6

means of the following: (a) elimination of text or titles referencing the FENDER Marks (e.g., "Stratocaster," "Telecaster," "Strat," "Tele," "Relic," "T-Caster," "S-Caster" (although references by Defendants to "AVR-T" and "AVR-S" guitars are acceptable); (b) elimination or modification of photographs depicting the FENDER Marks (e.g., cropping photographs of Defendants' guitars to remove imagery of head stock designs owned by Fender); and (c) elimination or modification of audio or video depicting or referencing the FENDER Marks (e.g., modifying audio which utilizes references to the FENDER Marks in describing Kelton Swade guitars or (as an alternative to the disclaimer provided in Paragraph 3 blurring or otherwise obscuring the imagery of head stocks of Kelton Swade guitars to modify depictions of head stock designs owned by Fender);

e. shall re-design the head stocks of his guitars using paddle necks or other raw material, such that any new guitars, *i.e.*, those not in the inventory identified in Exhibit D of the Parties' Confidential Settlement Agreement, that are thereafter sold or offered for sale by Defendants after the entry of this Consent Judgment have a unique head stock design that is neither identical to nor will create a likelihood of confusion with any head stock design owned by Fender; and

f. shall submit to this Court an affidavit or declaration certifying Defendants' compliance with this paragraph within one week of the expiration of the period.

7

The ninety-day phase-out period contemplated by this paragraph does not authorize Defendants to undertake any new uses of the FENDER Marks during that period.

3. This Consent Judgment shall not prevent the Defendants from maintaining previously-created videos in connection with the promotion or advertising of their business that feature depictions of guitars crafted by Defendants before the entry of the Consent Judgment and wherein such guitars bear infringing uses of head stock designs owned by Fender - - provided, however, that in all such cases, Defendants shall include a specific disclaimer (provided below) in the text immediately below the title or identifying language of each such video and on any physical object, website page, social media or other online, electronic, print or brick-and-mortar presence upon which the video is visible.  The disclaimer shall read as follows:  "Disclaimer: The Kelton Swade guitar presented in this video features a head stock design owned by Fender Musical Instruments Corporation ('Fender®').  Such use was without the consent of Fender®, and Kelton Swade no longer manufactures, distributes, advertises or sells guitars bearing that head stock design.  Kelton Swade is not now, nor has he ever been, a licensed supplier or seller of Fender® guitars or other Fender® products or services.  Neither Kelton Swade nor his products or services are sponsored, licensed, endorsed, approved by, affiliated with, or in any way related to Fender®."

4. With respect to Fender's claims for monetary relief set forth in the Complaint, the Parties have agreed that Defendants shall pay to Fender liquidated damages in a confidential amount in the event of each breach of the Parties' Confidential Settlement Agreement , in addition to whatever other remedies to which Fender may be entitled.  The financial terms of Parties' Confidential Settlement Agreement otherwise shall be confidential pursuant to the terms of that agreement.

8

Case 3:13-cv-01075   Document 94   Filed 11/12/14   Page 8 of 11 PageID #: 1265

5. The Parties acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having had ample opportunity to consult with counsel. The Parties understand the undertakings, obligations, and terms of this Consent Judgment.

6. This Consent Judgment shall be binding upon and inure to the benefit of the Parties hereto and their respective parents, subsidiaries, affiliates, predecessors, successors, assigns, heirs, licensees, manufacturers and distributors and their officers, directors, shareholders, servants, employees, attorneys, and agents, or any committee or other arrangement of creditors organized with respect to the affairs of any party. Its terms therefore shall apply to any guitars transferred to counsel for Defendants under paragraph 2.a.

7. Except as to Defendants' obligations set forth in this Consent Judgment, each party's claims against the other that were raised or could have been raised in this Civil Action or the Arizona Action, including Defendants' counterclaims and affirmative defenses, are dismissed with prejudice. No appeals shall be taken from this Consent Judgment, and Defendants waive all right to appeal from this Consent Judgment.

8. This Court shall retain jurisdiction over this matter to enforce a violation of this Consent Judgment's terms. If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Fender for such breach or liquidated damages in the amount mutually agreed upon by the Parties in their Confidential Settlement Agreement, at Fender's option; as well as (b) injunctive relief enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

DATED this \_\_\_\_day of November, 2014.

						Kevin H. Sharp
						_____
						Honorable Kevin H. Sharp
						United States District Judge 3

10

**CONSENTED AND AGREED TO:**

| **COUNSEL FOR PLAINTIFF:** | **COUNSEL FOR DEFENDANTS:** |
|---|---|
| */s/ Charles I. Malone* | */s/ Everette Parrish (by CIM w/ perm.)* |
| John C. Hayworth | Charles Carreon |
| Charles I. Malone | Charles Carreon, Attorney at Law |
| Walker Tipps & Malone, PLC | 2165 S. Avenida Planeta |
| 2300 One Nashville Place | Tucson, Arizona 85710 |
| 150 Fourth Avenue, North | Tel: 520-841-0835 |
| Nashville, TN 37219 | Fax: 520-843-2083 |
| Telephone: (615) 313-6037 | E-mail: chascarreon@gmail.com |
| Facsimile: (615) 313-6001 | Admitted pro hac vice |
| E-Mail: cmalone@walkertipps.com | |
| | Everette Parrish |
| Theodore H. Davis Jr. | Attorney at Law PLC |
| Kilpatrick Townsend & Stockton LLP | PO Box 3602 |
| E-mail: tdavis@kilpatricktownsend.com | Brentwood, Tennessee 37024-3602 |
| 1100 Peachtree Street, Suite 2800 | Telephone: 615-516-3030 |
| Atlanta, GA 30309-4530 | Fax: 615-844-3462 |
| Telephone: (404) 815-6500 | Email: attorney@law4tn.com |
| Facsimile: (404) 815-6555 | |
| Admitted pro hac vice | |